Angus Edwards (USB # 4563)
Brett D. Ekins (USB # 11472)
JONES, WALDO, HOLBROOK & MCDONOUGH, PC
170 South Main Street, Suite 1500
Salt Lake City, UT  84101
Telephone:  (801) 521-3200
Facsimile:  (801) 328-0537
aedwards@joneswaldo.com
bekins@joneswaldo.com
*Attorneys for Plaintiff / Third-Party Defendant*

N THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XYNGULAR CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>INNUTRA, LLC, an Arizona limited liability company, INNUTRA, LLC, a California limited liability company, JAMES AYRES, an individual, CINDY HANSEN, an individual, GLEN OLIVER, an individual, CECILY KARST, an individual, and CHRIS HUMMELL, an individual,<br><br>        Defendants.<br><br>INNUTRA, LLC, an Arizona limited liability company, and JAMES AYRES, an individual,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>ERIC HIGGINS,<br><br>        Third-Party Defendant. | ERIC HIGGINS' ANSWER TO THIRD-PARTY COMPLAINT<br><br><br>Case No. 2:13-cv-00685 TS<br><br>Judge Ted Stewart |

Third-Party Defendant Eric Higgins ("Higgins"), by and through counsel, answers the Third-Party Complaint filed by Third-Party Plaintiffs, Innutra, LLC and James Ayres (the "Third-Party Plaintiffs"), as follows:

### FIRST DEFENSE

The Third-Party Complaint fails to state a cause of action against Higgins upon which relief can be granted.

### SECOND DEFENSE

In answer to the specific allegations of the Third-Party Complaint, Higgins admits, denies and avers as follows:

1. Admits the allegations of paragraphs 1, 2, 3, and 4.

2. Denies the allegations of paragraph 5.

3. Admits the allegations of paragraphs 6 and 7.

4. Denies the allegations of paragraphs 8 and 9.

5. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10 and 11.

6. In response to the allegations of paragraph 12, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 11.

7. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 13 and 14.

8. Denies the allegations of paragraphs 15, 16, 17, 18, 19 and 20.

9. In response to the allegations of paragraph 21, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 20.

10. Denies the allegations of paragraph 22.

11. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

12. Denies the allegations of paragraphs 24, 25, 26 and 27.

13. In response to the allegations of paragraph 28, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 27.

14. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

15. Denies the allegations of paragraphs 30, 31, 32, and 33.

16. In response to the allegations of paragraphs 34, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 33.

17. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

18. Denies the allegations of paragraphs 36, 37, 38, 39, 40, 41 and 42.

19. In response to the allegations of paragraph 43, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 42.

20. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 44, 45, 46, 47, 48, 49, and 50.

21. In response to the allegations of paragraph 51, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 50.

22. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 52, 53, 54, 55, 56, 57, 58 and 59.

23. In response to the allegations of paragraph 60, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 59.

24. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 61, 62, 63, 64, 65, 66 and 67.

25. In response to the allegations of paragraph 68, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 67.

26. Higgins is without knowledge or information sufficient to form a belief as to the truth of the allegations paragraphs 69, 70, 71, 72, and 73.

27. In response to the allegations of paragraph 74, Higgins incorporates by reference and realleges its responses to paragraphs 1 to 73.

28. Admits the allegations of paragraphs 75 and 76.

29. Denies the allegations of paragraphs 77, 78, 79, 80, 81, 82 and 83.

## THIRD DEFENSE

As a separate and affirmative defense, Higgins denies each and every allegation of the Third-Party Complaint which is not specifically pleaded to or admitted.

## FOURTH DEFENSE

Higgins alleges that Third-Party Plaintiffs failed to mitigate their damages, and to the extent they failed, their claims are barred.

## FIFTH DEFENSE

Higgins alleges that any damages sustained by Third-Party Plaintiffs were caused by acts or omissions of third parties, or of circumstances, over which Higgins had no right of supervision or control.

- 5 -

### SIXTH DEFENSE

Higgins alleges that Third-Party Plaintiffs are not, as a matter of law, entitled to seek punitive damages from Higgins on the ground that Higgins did not engage in the type of activities that justify punitive damages.

### SEVENTH DEFENSE

Counterclaimant cannot prove its claim for punitive damages by clear and convincing evidence.

### EIGHTH DEFENSE

Higgins is entitled to a bifurcation of a trial to separately consider compensatory and punitive damages to protect Higgins from prejudice, passion and sympathy.

### NINTH DEFENSE

As an alternative affirmative defense, Higgins alleges that the claims of Third-Party Plaintiffs are barred pursuant to the doctrines of waiver, release and estoppel.

WHEREFORE, having fully answered the Third-Party Complaint, Higgins prays that the Third-Party Complaint be dismissed, with prejudice and on the merits, and that Higgins be awarded its fees and costs incurred in the defense of the Third-Party Complaint, and for such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Third-Party Defendant hereby requests a jury on all claims and issues raised in this matter which may be tried before a jury.

DATED this 17th day of October, 2013.

          JONES, WALDO, HOLBROOK & MCDONOUGH

          By  /s/ J. Angus Edwards
          J. Angus Edwards
          *Attorneys for Plaintiff / Counterclaim-Defendant*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th of October, 2013, I caused to be delivered, via the court's electronic filing system, email and by first-class mail postage prepaid if needed, a true and correct copy of the foregoing **ERIC HIGGINS' ANSWER TO THIRD-PARTY COMPLAINT** to the following:

> Justin T. Toth (8438)
> Maria E. Heckel (10761)
> RAY QUINNEY & NEBEKER PC
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84145-0385
> (801) 532-1500
> jtoth@rqn.com
> mheckel@rqn.com
>
> Ronda R. Fisk (admitted *pro hac vice*)
> Chelsea Sage Durkin (admitted *pro hac vice*)
> Erick S. Ottoson (admitted *pro hac vice*)
> OSBORN MALEDON, P.A.
> 2929 North Central Avenue
> Suite 2100
> Phoenix, Arizona 85012-2794
> (602) 640-9000
> rfisk@omlaw.com
> cdurkin@omlaw.com
> eottoson@omlaw.com
> Attorneys for Defendants / Third-Party Plaintiffs

/s/ J. Angus Edwards