Justin T. Toth (8438)
Maria E. Heckel (10761)
RAY QUINNEY & NEBEKER PC
36 South State Street, Suite 1400
Salt Lake City, Utah 84145-0385
(801) 532-1500
jtoth@rqn.com
mheckel@rqn.com

Ronda R. Fisk (admitted *pro hac vice*)
Chelsea Sage Durkin (admitted *pro hac vice*)
OSBORN MALEDON, P.A.
2929 North Central Avenue
Suite 2100
Phoenix, Arizona  85012-2794
(602) 640-9000
rfisk@omlaw.com
cdurkin@omlaw.com

*Attorneys for Defendants/*
*Counterclaimants/Third-party Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XYNGULAR CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br>vs.<br><br>INNUTRA, LLC, an Arizona limited liability company, INNUTRA, LLC, a California limited liability company, JAMES AYRES, an individual, GLEN OLIVER, an individual, CINDY HANSEN, an individual, CICELY KARST, an individual, and CHRIS HUMMEL, an individual,<br><br>        Defendants. | Case:  2:13-cv-00685-TS<br><br>**DEFENDANT/ COUNTERCLAIMANTS INNUTRA, LLC (ARIZONA), JAMES AYERS, and GLEN OLIVER, and DEFENDANTS CINDY HANSEN, CICELY KARST, AND CHRIS HUMMEL'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY DEMANDED**<br><br>Judge Ted Stewart |
| INNUTRA, LLC, an Arizona limited liability company, JAMES AYRES, an individual, and GLEN OLIVER, an individual,<br><br>        Counterclaimaints,<br>vs.<br>XYNGULAR CORPORATION, a Delaware corporation,<br><br>        Counterdefendant. | |
| INNUTRA, LLC, an Arizona limited liability company, and JAMES AYRES, an individual,<br><br>        Third-Party Plaintiffs,<br>vs.<br>ERIC HIGGINS,<br><br>        Third-Party Defendant. | |

Answering Plaintiff's Second Amended Complaint, Defendants/Counterclaimants Innutra, LLC, an Arizona limited liability company ("Innutra"), James Ayres, and Glen Oliver, and Defendants Cindy Hansen, Cicely Karst, and Chris Hummel (collectively, "Defendants"), admit, deny, and affirmatively allege as follows.  Any allegations not expressly admitted herein are denied:

1.      Defendants admit that Xyngular Corp. ("Xyngular") is incorporated in Delaware.  Defendants further admit that Xyngular is engaged in the business of selling supplements internationally through a network of independent distributors.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore deny the same.

2.      Admit.

3.      Defendants admit that Innutra is in the business of selling, among other things, nutritional supplements in the United States through a network of independent distributors, including Utah.  Defendants admit that Innutra is subject to personal jurisdiction in this Court under Utah's long-arm statute (Utah Code Ann. § 78B-3-210 et seq.) and the United States Constitution.

4.      Defendants admit that James Ayres is a California resident.  Defendants further admit that Ayres used to be an independent contractor for Xyngular and is now associated with Innutra.  Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit that Cindy Hansen used to be an employee of Xyngular and is currently an employee of Innutra.  Defendants further admit that Hansen is a Utah resident.  Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants admit that Glen Oliver used to be an employee of Xyngular and is currently an employee of Innutra.  Defendants further admit that Oliver is a Utah resident.  Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that Cicely Karst used to be an independent contractor for Xyngular.  Defendants further admit that Karst is a Kansas resident.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants admit that Christopher Hummel used to be an independent contractor for Xyngular and is currently an independent contractor for Innutra. Defendants deny the remaining allegations in Paragraph 8.

9.      Admit.

10.     Admit.

11.     Defendants admit that a document titled "Xyngular's Policies and Procedures (As of 2/1/13)" is attached to the Second Amended Complaint as Exhibit A, but lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore deny the same.

12.     Defendants allege that the document referenced as Exhibit A in Plaintiff's Second Amended Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore deny the same.

13.     Defendants allege that the document referenced as Exhibit A in Plaintiff's Second Amended Complaint speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 and therefore deny the same.

14.     Defendants admit that a document titled "Agreement" is attached to the Second Amended Complaint as Exhibit B.  Defendants admit that Jim Ayres executed an agreement with Xyngular on or about July 1, 2010 ("2010 Agreement").  Defendants further allege that the document referenced as Exhibit B speaks for itself and that Ayres terminated the 2010 Agreement effective July 1, 2012.  Defendants deny the remaining allegations in Paragraph 14.

15.     Defendants admit that a demonstrably draft and unexecuted document titled "Independent Contractor Agreement for Services" is attached to the Second Amended Complaint as Exhibit C.  Defendants admit that after Ayres terminated the 2010 Agreement, Xyngular and Ayres entered into negotiations for a new written agreement.  Defendants admit that on or about August 16, 2012, Ayres and Xyngular

reached an agreement that Xyngular would pay Ayres $7,000 per month, and that Xyngular paid Ayres according to this agreement for a period of time.  Defendants further admit that the parties never signed the agreement referenced as Exhibit C in the Second Amended Complaint and further allege that the parties never executed a written contract after Ayres terminated the 2010 Agreement.  Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants allege that the document referenced as Exhibit C in Plaintiff's Second Amended Complaint speaks for itself and further allege that Exhibit C was never executed.  Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that Xyngular hired Glen Oliver on or about August 1, 2010, that Oliver's title at Xyngular was Chief Operating Officer, and that Xyngular informed Oliver that as Chief Operating Officer, he was to be responsible for Xyngular's day-to-day operations of Xyngular's USA operations.  Defendants further admit that Oliver had access to contact information for Xyngular's independent contractors.  Defendants deny the remaining allegations in Paragraph 17.

18.     Defendants admit that a letter dated August 19, 2011 from Steven M. Kole to Glen Oliver is attached to the Second Amended Complaint as Exhibit D.  Defendants deny the remaining allegations of Paragraph 18.

19.     Defendants admit that on or about April 12, 2010, Xyngular hired Cindy Hansen as its Customer Service Manager.  Defendants further admit that Hansen had access to contact information for Xyngular's independent contractors, and that Hansen regularly communicated with Xyngular's independent contractors.  Defendants deny the remaining allegations in Paragraph 19.

20.     Deny.

21.     Defendants admit that Christopher Hummel was a Xyngular distributor. Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit that Cicely Karst was a Xyngular distributor. Defendants deny the remaining allegations in Paragraph 22.

23.    Deny.

24.    Defendants admit that Innutra is a network marketing company that offers, among other products, nutritional supplements.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants admit that Ayres promotes Innutra's products and that Ayres knew some of the ingredients for some of Xyngular's products.  Defendants deny the remaining allegations in Paragraph 25.

26.    Deny.

27.    Deny.

28.    Deny.

29.    Defendants admit that Innutra began selling its products in July 2013. Defendants further admit that Innutra received many orders for its products in July 2013. Defendants deny the remaining allegations in Paragraph 29.

30.    Paragraph 30 does not contain allegations of fact to which a response is required.

31.    Deny.

32.    Deny.

33.    Deny.

34.    Deny.

35.    Deny.

36.    Paragraph 36 does not contain allegations of fact to which a response is required.

37.    Defendants admit only that Oliver signed an employment letter with Xyngular on or about November 30, 2011.  Defendants deny the remaining allegations of Paragraph 37.

38.    Deny.

39.    Deny.

40.    Deny.

41.     Deny.

42.     Deny.

43.     Paragraph 43 does not contain allegations of fact to which a response is required.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Deny.

49.     Deny.

50.     Paragraph 50 does not contain allegations of fact to which a response is required.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Paragraph 57 does not contain allegations of fact to which a response is required.

58.     Deny.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Paragraph 64 does not contain allegations of fact to which a response is required.

65.     Defendants admit that part of Innutra's business places it in competition with Xyngular.  Defendants deny the remaining allegations of Paragraph 65.

66.     Defendants admit that Innutra has advertised and distributed its products to the general public.  Defendants deny the remaining allegation in Paragraph 66.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     Paragraph 73 does not contain allegations of fact to which a response is required.

74.     Deny.

75.     Deny

76.     Deny.

77.     Deny.

78.     Deny.

79.     Paragraph 79 does not contain allegations of fact to which a response is required.

80.     Deny.

81.     Deny.

82.     Deny.

83.     Deny.

84.     Deny.

85.     Deny.

86.     Deny.

## Affirmative Defenses

Defendants allege the following affirmative defenses:

A.     Plaintiff has not suffered any damages.

B.     Plaintiff has failed to mitigate its damages.

C.     Plaintiff is barred from recovery under the doctrines of accord and satisfaction, laches, waiver, release, statute of frauds, estoppel, and such other affirmative defenses as may be discovered in the litigation.

D.     There is a failure of execution of the contracts alleged to be valid by Plaintiff.

E.     There is a failure of consideration for the contracts and promises that Plaintiff alleges were made or executed.

F.     Defendants reserve the right to allege such other affirmative defenses, including the affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure or common law, as are supported by information developed through discovery or by evidence at trial.

DATED this 28th day of February, 2014.

OSBORN MALEDON, P.A.

 s/Ronda R. Fisk
Ronda R. Fisk
Chelsea Sage Durkin
2929 North Central Avenue, Suite 2100
Phoenix, Arizona  85012-2794

Attorneys for Defendants/
Counterclaimants/Third-Party Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, the attached ANSWER was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants as follows:

- **J. Angus Edwards -** aedwards@joneswaldo.com
- **Brett D. Ekins -** bekins@joneswaldo.com
- **Maria E. Heckel -** mheckel@rqn.com
- **Justin T. Toth -** jtoth@rqn.com

/s/Kelly Dourlein